■ ISLAND ASSOCIATED COOP., INC., Appellant, v EDWARD J. HARTMANN et al., Defendants, and FRAM CORPORATION, Respondent.—In an action to recover damages, *inter alia,* for conversion, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated June 25, 1984, which granted the defendant Fram Corporation's motion for summary judgment dismissing the complaint as against it.

Order affirmed, with costs.

An employee of the defendant Fram Corporation (hereinafter Fram), the defendant Edward Hartmann, was caught removing inventory from the warehouse of the plaintiff, one of Fram's customers. The plaintiff's first cause of action against Fram is based on the doctrine of respondeat superior. Special Term correctly concluded that Hartmann did not act within the scope of his employment. Hartmann's actions were in no way *"incidental to the furtherance of the employer's interest" (Makoske v Lombardy,* 47 AD2d 284, 288, *affd* 39 NY2d 773). While torts committed by an employee who inartfully tries to carry out his employer's assignment may be found to be within the scope of employment *(see, Riviello v Waldron,* 47

NY2d 297; *Sims v Bergamo,* 3 NY2d 531, 534-535; *De Wald v Seidenberg,* 297 NY 335, 337-338), torts committed for personal motives unrelated to the furtherance of the employer's business cannot *(see, e.g., Cornell v State of New York,* 46 NY2d 1032; *see,* Restatement [Second] of Agency § 288 [1] comment [c], [2]), especially if the tortious acts are serious in nature *(see,* Restatement [Second] of Agency § 231 comment a).

The plaintiff presented no evidence to support its second cause of action that the defendant Fram had any knowledge of Hartmann's actions, or its third cause of action that Fram in any way acted negligently in the selection or supervision of its employees. Mere speculation or surmise is not enough *(Oates v Marino,* 106 AD2d 289, 291-292; *Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774). Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.