■ SUZANNE MURRAY, Respondent, v WATERVLIET CITY SCHOOL DISTRICT, Appellant, and MARIANNE RINGS, Respondent.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered February 10, 1986 in Albany County, which, *inter alia,* denied defendant Watervliet City School District's motion for summary judgment dismissing the complaint against it.

Plaintiff commenced the instant suit seeking damages for a slanderous statement allegedly made by defendant Marianne Rings, a teacher, to plaintiff's daughter's seventh grade reading class. The substance of the alleged statement was that plaintiff had been a student of Rings' when she attended junior or senior high school, but had become pregnant and left school prior to the completion of her education. Plaintiff also sought damages from Rings' employer, defendant Watervliet City School District, under the doctrine of respondeat superior. The school district moved for summary judgment claiming that Rings was not acting in the course of and in furtherance of her employment at the time of the alleged statement, and Rings cross-moved for summary judgment. Special Term denied both motions. This appeal by the school district ensued. We now affirm.

Under the doctrine of respondeat superior an employer may be held vicariously liable for a tort committed by an employee in the course of performance of his or her duties *(Riviello v Waldron,* 47 NY2d 297, 302), and a school district as employer is held to the level of accountability applicable to a private person engaged in business *(see, Domino v Mercurio,* 17 AD2d 342, 346-350, *affd* 13 NY2d 922; *see also, Cherney v Board of Educ.,* 31 AD2d 764; *Shaw v Village of Hempstead,* 20 AD2d 663; *Gordon v State of New York,* 57 Misc 2d 731, 738-739). The actionable wrongs for which the employer may be held liable include slander *(Loughry v Lincoln First Bank,* 67 NY2d

369, 376; *Palmeri v Manhattan Ry. Co.,* 133 NY 261, 265-266; *O'Brien v Bates Corp.,* 211 App Div 743, 744). Accordingly, if Rings was acting within the scope of her employment at the time of the alleged slander, the school district may be held vicariously liable for her conduct.

An act falls within the scope of an employee's duties when the employee is "doing his master's work, no matter how irregularly, or with what disregard of instructions" *(Jones v Weigand,* 134 App Div 644, 645; *see, Riviello v Waldron, supra,* at 302; *see also, Island Associated Coop. v Hartmann,* 118 AD2d 830). On the other hand, there is no respondeat superior liability for "torts committed for personal motives unrelated to the furtherance of the employer's business" *(Island Associated Coop. v Hartmann, supra,* at 831). The Court of Appeals in *Riviello* identified the factors to be considered on the scope of employment issue as: "the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated" *(Riviello v Waldron, supra,* at 303).

The record contains evidence from which it could be found that the statement by Rings was made during a classroom discussion of a reading assignment. It can also be inferred from the record that Rings had only taught this particular group of students since the beginning of the second semester of that school year. The incident occurred in February of that semester. A discussion of the assignment apparently led to the subject of parents. Students asked Rings whether she had been a teacher at the school long enough to have taught any of their parents. It was in this context that Rings allegedly identified plaintiff, the mother of one of the students in the class, as a person she had taught and who was forced to leave school because of pregnancy.

Applying the *Riviello* factors to the foregoing evidence, we agree with Special Term's conclusion that a triable issue is presented as to whether the making of the statement was within the scope of Rings' employment.

Militating in favor of vicarious liability on the part of the school district is the fact that the statement can be found to have been made in a classroom, during regular school hours and a regular class session, and in the course of a class discussion of a reading assignment which was part of the

course curriculum. An inference can also reasonably be drawn that the digression into a conversation about Rings' having taught the parents of some of the students present flowed naturally from the dialogue which was relevant to the subject matter of the reading assignment. In any event, the fact that Rings, who had only recently taken over this particular class, chose to let the conversation briefly drift into the subject of her prior, personal acquaintanceship with the parents of some of her new students cannot be characterized, as a matter of law, as wholly unrelated to the furtherance of the school district's educational objectives. The education of seventh graders is not necessarily effectively accomplished in a purely sterile, impersonal atmosphere, and this discussion could well have been considered as enhancing Rings' rapport with her students, thereby increasing her teaching effectiveness. Moreover, "the busiest of employees may be expected to take pauses and, when they do, engage in casual conversation" *(Riviello v Waldron, supra,* at 304).

It follows that, not only could the evidence support a finding that Rings' participation in a class discussion on her personal knowledge of some of the parents of her students was incidental to and in furtherance of the educational process, but also a finding that a teacher's engagement in such a discussion was generally foreseeable by the school district. Once such general foreseeability is established, the making of the insensitive and perhaps unprofessional specific statement concerning plaintiff which is attributed to Rings does not necessarily bring her conduct outside the scope of her employment. If general foreseeability exists, an employer need not have foreseen the precise act or the exact manner in which injurious conduct is committed for vicarious liability to attach, even when an intentional tort has been committed by the employee *(Riviello v Waldron, supra,* at 304). Accordingly, Special Term correctly denied the school district's motion for summary judgment.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.