■ GITESH PURANMALKA, Also Known as GITESH AGGARWAL, Appellant, v KRISHNA PURANMALKA, Respondent.—In an action to recover damages for libel, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.H.O.), entered October 7, 1987, which, after a nonjury

trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The parties were both born in India and, pursuant to the Hindu religion, their February 1980 marriage was arranged by their parents. After approximately two months of marriage, the defendant husband received an anonymous letter which stated, *inter alia,* "Your new wife had a boyfriend, a Mohammeden *[sic]* Doctor earlier financed by her and probably married to him and have *[sic]* a son already". The marriage between the parties was unsuccessful from its inception and both parties and their relatives and friends conversed frequently during a three-year period in an attempt to effect a reconciliation. The defendant insisted that his desire for a divorce was based upon the plaintiff wife's vindictive personality and psychiatric problems and not upon the allegations contained in the letter. The plaintiff made accusations against the defendant asserting that he beat her, that he stole money from her and that he failed to fulfill his financial obligations. In 1983 the husband moved out of the marital residence and, although he initiated an action for divorce, he subsequently discontinued it.

The instant action to recover damages for libel ensued based upon two letters written by the defendant to his father in December 1983 and March 1984 as well as a letter to a friend dated March 5, 1984. Copies of these letters, as well as a copy of the earlier anonymous letter, were admittedly sent to several family members as well as friends that the plaintiff and her father had enlisted to intercede to save the parties' marriage. The tone of these letters evidences that the defendant had resolved not to continue the marriage because of the plaintiff's treatment of him and not because of the allegation contained in the anonymous letter. The letters state that the defendant's purpose in sending copies of the letters to those interested parties was to discourage further attempts to reconcile the parties. There was testimony elicited that the plaintiff rather than the defendant had made two people involved aware of the allegedly libelous statements about her.

Actions to recover damages for slander or libel must be commenced with a one-year period from the accrual of the cause of action *(see,* CPLR 215 [3]). Therefore, we do not address the allegedly defamatory publications made one year prior to the commencement of the instant action in April 1984. We agree with the trial court that the allegations of

unchastity constituted libel per se and that the plaintiff's failure to plead and prove special damages was not fatal to her action *(see, James v Gannett Co.,* 40 NY2d 415; *Gates v New York Recorder Co.,* 155 NY 228). Upon our review of the record, we conclude that there was ample evidence to sustain the trial court's conclusion that the plaintiff consented to the publications of these statements since the evidence established that the people to whom publications were made were family members and friends solicited either by the plaintiff or by her father to discourage the defendant from maintaining his divorce action *(see,* Restatement [Second] of Torts §§ 892, 538).

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.