■ EDWARD A. METZGER et al., Respondents, v WILLIAM W. ESSEKS et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about November 28, 1989, which granted plaintiffs' motion to vacate a default, restored defendants' motion pursuant to CPLR 510 (3) to the calendar, and denied said motion, unanimously affirmed, without costs.

Defendants argue the court improperly exercised its discretion in vacating plaintiffs' default on the basis of an affirmation by plaintiffs' counsel which alleged only that his office had never received service of the motion papers. We find the affidavit of service by defendants' attorney's employee (Jean Poplawski), dated November 3, 1989, insufficient in that it does not specifically state that the affiant herself mailed the letter enclosing the motion papers, nor does it recite that the letter was mailed to plaintiffs' attorneys at their designated address in the manner specified by CPLR 2103 (b) (2) *(see, Coonradt v Averill Park Cent. School Dist.,* 73 AD2d 747).

We further find the court properly exercised its discretion in denying defendants' motion to change venue from New York County to Suffolk County for the convenience of witnesses. The witnesses to be called by defendants are expected to

testify only as to the damages arising from defendants' alleged legal malpractice. The complaint alleges defendant attorneys purportedly failed to serve a necessary party in a CPLR article 78 proceeding, resulting in dismissal of the proceeding as time barred. The basis of the article 78 proceeding was to determine plaintiffs' rights to construct a single-family residence on a parcel of land located on Dune Road, in Quogue, New York. Defendants expect their witnesses to give testimony regarding the feasibility and impediments to the development on the subject parcel of land. By this testimony, defendants seek to establish the lack of actual damages suffered by plaintiffs as a consequence of the legal malpractice.

Since the witnesses proffered by defendants are essentially experts who will give testimony relating to damages only (see, *Wecht v Glen Distribs. Co.*, 112 AD2d 891, 893), we find the court properly exercised its discretion in retaining venue in New York County.

Defendants' argument that Suffolk County is the proper forum for this action because the judgment would affect the use or enjoyment of real property located in Suffolk County (see, CPLR 507) is unpersuasive. The property here is unaffected by the instant action which merely seeks damages for alleged legal malpractice. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.