■ FREDERICK A. KARAM et al., Respondents, v FIRST AMERICAN BANK OF NEW YORK, Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant contends that Supreme Court erred in finding that there was a triable issue of fact with respect to whether the allegedly defamatory communication between the two officers of defendant bank concerning plaintiff Frederick Karam was conditionally privileged. We agree.

It has been long recognized that the public interest is served by shielding certain communications, though possibly defamatory, from litigation, rather than risk stifling them altogether *(see, Bingham v Gaynor,* 203 NY 27, 31). When compelling public policy requires that the speaker be immune from suit, the law affords an absolute privilege, while statements fostering a lesser public interest are only conditionally privileged *(see, Liberman v Gelstein,* 80 NY2d 429, 437; *600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 135-136; *Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 208-209; *Toker v Pollak,* 44 NY2d 211, 218-220).

One such conditional, or qualified, privilege extends to a "communication made by one person to another upon a subject in which both have an interest" *(Stillman v Ford,* 22 NY2d 48, 53). Courts have applied this "common interest" privilege in a number of instances *(see generally, Liberman v Gelstein, supra; Loughry v Lincoln First Bank,* 67 NY2d 369, 376; *Toker v Pollak, supra; Stukuls v State of New York,* 42 NY2d 272). "The rationale for applying the privilege in these circumstances is that so long as the privilege is not abused, the flow of information between persons sharing a common interest should not be impeded" *(Liberman v Gelstein, supra,* at 437). Here, we conclude that the communication between the two bank employees in furtherance of the common interest of their employer fell within the ambit of a qualified or conditional privilege *(see, Loughry v Lincoln First Bank, supra).*

The shield provided by a qualified privilege may be dissolved, however, if plaintiff can demonstrate that defendant made the statements with "malice" or with knowledge of their falsity or reckless disregard of their truth or falsity *(see, Liberman v Gelstein, supra,* at 437-438; *Park Knoll Assocs. v Schmidt, supra,* at 211; *Loughry v Lincoln First Bank, supra,* at 376; *O'Rorke v Carpenter,* 55 NY2d 798, 799). Upon our

review of the record, we conclude that plaintiffs have sufficiently demonstrated a triable issue of fact with respect to whether defendant's statement was made with malice. Thus, Supreme Court properly denied defendant's motion for summary judgment dismissing plaintiffs' first cause of action for defamation.

The court also denied defendant's motion to dismiss plaintiffs' first cause of action as time-barred. An action to recover damages for slander must be commenced within one year (CPLR 215 [3]). In an action for slander, the Statute of Limitations runs from the time of the utterance, not the discovery of the slanderous matter (see, Rand v New York Times Co., 75 AD2d 417, 424). Defendant contends that the alleged defamation occurred on or about March 10, 1989 and, in any event, no later than March 15, 1989, when the credit request was denied. Plaintiffs, on the other hand, submitted evidentiary proof in admissible form that the telephone conversation between the bank officers occurred on April 29 or April 30, 1989. Because there is a triable issue of fact about when the allegedly defamatory telephone conversation took place and whether the action was timely commenced, the motion was properly denied. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Boehm and Davis, JJ.