■ ARMAND IORIO, Appellant, v JEANNE LYONS et al., Respondents. [622 NYS2d 73] —In an action to recover damages for malicious prosecution and defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brucia, J.), entered April 26, 1993, which granted the defendants' respective cross motions for summary judgment dismissing the complaint and denied the plaintiff's motion to (1) compel disclosure pursuant to CPLR 3124, and (2) strike the answer pursuant to CPLR 3126, or for an alternative sanction.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff's causes of action to recover damages for libel and slander arise from the allegedly false statements made by the defendants Richard and Jeanne Lyons on January 2, 1988,

regarding the plaintiff's trespass on Ms. Lyons' property and the plaintiff's harassment of Ms. Lyons over a period of time beginning in 1986 through January 1988.

The cause of action for malicious prosecution is based upon the defendants' communications to the police department regarding the plaintiff's harassment of Ms. Lyons which resulted in the criminal prosecution of the plaintiff. The criminal action was terminated when the plaintiff received an adjournment in contemplation of dismissal and the action was subsequently dismissed.

The Supreme Court properly dismissed the cause of action for malicious prosecution since it is well established that the acceptance of an adjournment in contemplation of dismissal bars an action for malicious prosecution (see, Hollender v Trump Vil. Coop., 58 NY2d 420).

The causes of action for libel and slander were properly dismissed as time-barred since the allegedly defamatory statements were made more than one year prior to the commencement of this action (see, Puranmalka v Puranmalka, 149 AD2d 493).

The plaintiff's remaining contentions are without merit.

Although we conclude that the issues raised by the plaintiff on appeal lack merit, we do not find the appeal to be so frivolous as to warrant the imposition of monetary sanctions (see, Ltown Ltd. Partnership v Sire Plan, 108 AD2d 435, 442-443, affd 69 NY2d 670). Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.