■ DUWANE SEYMOUR, Appellant, v NEW YORK STATE ELECTRIC & GAS CORPORATION et al., Respondents. [627 NYS2d 466] —Peters, J. Appeals (1) from an order of the Supreme Court (Ryan, Jr., J.), entered April 7, 1994 in Clinton County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered October 5, 1994 in Clinton County, which denied plaintiff's motion for reconsideration.

Plaintiff was employed as a utility line mechanic by defendant New York State Electric & Gas Corporation (hereinafter NYSEG). In August 1992, defendant John Hendriks, a NYSEG security investigator, began an investigation into possible misuse of NYSEG property by its employees. During the course of such investigation, Hendriks interviewed plaintiff's supervisor, William Hickey. As a result of the investigation, plaintiff and Hickey were suspended in November 1992 and thereafter fired.

Plaintiff commenced this defamation action against NYSEG and Hendriks on October 22, 1993. Defendants moved to dismiss the complaint pursuant to CPLR 3016 (a). Plaintiff thereafter served an amended complaint specifically alleging that during the course of the investigation, Hendriks falsely accused plaintiff of stealing NYSEG property when he told Hickey that the equipment used by plaintiff to construct a

private power line was stolen from NYSEG. Plaintiff further alleged that in November 1992, Hickey was shown a letter, written by NYSEG's personnel manager to the local unemployment insurance office, which stated that "Hickey was suspended as he was in charge of two people found guilty of stealing Company property" and that Hickey understood the reference to include plaintiff. Plaintiff finally alleged that in the spring of 1993, David Curry, a NYSEG employee, stated to a third person at an auto body shop that " 'if [plaintiff] hadn't stole he'd still have a job' ". Defendants' motion for summary judgment was granted by Supreme Court. Plaintiff unsuccessfully moved for reconsideration and now appeals from both orders.

Addressing first Supreme Court's finding that all allegedly defamatory statements by Hendriks to Hickey are barred by the applicable Statute of Limitations, we agree. The Statute of Limitations for a defamation action is one year (see, CPLR 215 [3]). Hendriks' affidavit indicates that he spoke to Hickey in connection with his investigation on only two occasions: August 17, 1992 and September 4, 1992. While Hickey acknowledged such exchanges between himself and Hendriks, Hickey further averred that "[o]n several occasions in the Fall of 1992" and prior to his suspension on November 5, 1992, Hendriks told him that he believed that plaintiff stole NYSEG property. Based thereon, we find that Supreme Court correctly determined that plaintiff's general averments fail to raise a triable issue of fact to defeat defendants' prima facie showing (cf., Karam v First Am. Bank, 190 AD2d 1017, 1018). Accordingly, with Hendriks' affidavit alleging that his last communication with Hickey was on September 4, 1992, the commencement of this action on October 22, 1993 was untimely.

We find no merit to plaintiff's contention that the Statute of Limitations did not begin to run until he learned of the allegedly defamatory statements (see, Karam v First Am. Bank, supra, at 1018; Rand v New York Times Co., 75 AD2d 417). Moreover, while the repetition of a defamatory utterance will give rise to a separate cause of action (see, Rand v New York Times Co., supra), we find that plaintiff failed to proffer sufficient proof thereof. The sole submission of his own generalized, unsubstantiated affidavit alleging republication by a third party "several days before my November 1992 suspension" is patently insufficient (see, Zuckerman v City of New York, 49 NY2d 557, 562).

We additionally reject plaintiff's contention that no privilege exists with respect to an allegedly defamatory written

statement made in the context of Hickey's application for unemployment benefits *(see,* Labor Law § 537 [1]; *Noble v Creative Tech. Servs.,* 126 AD2d 611, 612-613).*

As to the final basis for plaintiff's defamation claim based upon the doctrine of respondeat superior, we find no merit. An employer may be held vicariously liable for an allegedly slanderous statement by an employee only if the employee was acting within the scope of his or her employment at the time that the statement was made *(see, Murray v Watervliet City School Dist.,* 130 AD2d 830; *see generally, Riviello v Waldron,* 47 NY2d 297). Here, NYSEG's personnel manager averred that Curry, who allegedly made a slanderous statement about plaintiff to a third person at the Rustic Auto Body Shop in the Town of Peru, Clinton County, is a NYSEG hydro operator who is responsible for the maintenance of five hydro plants in the City of Plattsburgh, Clinton County area. Curry's duties did not require him to travel to Peru and his job responsibilities did not include vehicle maintenance or repair. In the absence of proof to the contrary *(cf., Murray v Watervliet City School Dist., supra)* and, even assuming that such statement was made, we find that "there is no respondeat superior liability for 'torts committed for personal motives unrelated to the furtherance of the employer's business' " *(Murray v Watervliet City School Dist., supra,* at 831, quoting *Island Associated Coop. v Hartmann,* 118 AD2d 830, 831).

As to plaintiff's appeal from Supreme Court's denial of his motion for reconsideration, we find no merit. If the motion be deemed a motion for reargument, no appeal lies therefrom *(see, Lindsay v Funtime, Inc.,* 184 AD2d 1036). If it be deemed a motion to renew, plaintiff has wholly failed to put forth a justifiable excuse for not placing "new" facts before the court upon the original motion *(see, Rankin v Harding,* 191 AD2d 926, *lv dismissed, lv denied* 82 NY2d 690; *Kambour v Farrar,* 188 AD2d 719).

Accordingly, we affirm both orders in their entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* While Supreme Court noted that the communication did not name plaintiff, it is clear that a party alleging defamation need not be named in the publication so long as the party can prove by extrinsic facts that the allegedly defamatory statement reasonably referred to him or her *(see, Chicherchia v Cleary,* 207 AD2d 855).