■ Edwin Frederick, Respondent, v Joseph Fried, Appellant, et al., Defendant. [780 NYS2d 908]—

In an action to recover damages for defamation, the defendant Joseph Fried appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered October 7, 2002, which, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case and upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $1,000,000.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff, an attorney and former business associate of the defendant Joseph Fried, commenced this defamation action on January 12, 1989, alleging that after their relationship deteriorated, Fried uttered a series of slanderous statements about him. Upon the joinder of issue and the completion of discovery, the case proceeded to trial at which time the action was voluntarily discontinued against the defendant Rivhin, Inc. At the close of the plaintiff's case, the Supreme Court denied Fried's motion pursuant to CPLR 4401 for judgment as a matter of law based on the defense of the statute of limitations. The jury returned a verdict in favor of the plaintiff and against Fried in the principal sums of $500,000 for compensatory damages and $500,000 for punitive damages. We reverse.

"It is well established that words constitute slander per se if they impute the commission of a serious crime, a loathsome disease, or unchaste behavior in a woman, or if they affect the plaintiff in his trade, occupation, or profession" (*Sterling Doubleday Enters. v Marro*, 238 AD2d 502, 503 [1997]; *see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *Gatz v Otis Ford*, 262 AD2d 280, 281 [1999]; *cf. Warlock Enters. v City Ctr. Assoc.*, 204 AD2d 438 [1994]).

An action for slander must, however, be commenced within one year of the publication or utterance of the defamatory statement (*see* CPLR 215 [3]; *Caplan v Winslett*, 218 AD2d 148, 153 [1996]; *Karam v First Am. Bank of N.Y.*, 190 AD2d 1017, 1018 [1993]). Discovery does not extend the one-year period (*see Karam v First Am. Bank of N.Y., supra* at 1018; *Memory's Garden v D'Amico*, 84 AD2d 892 [1981]; *Rand v New York Times Co.*, 75 AD2d 417, 424 [1980]).

The general averments of the plaintiff and his witnesses were insufficient, even accepted as true, to establish a prima facie case that Fried uttered slanderous statements concerning the plaintiff within the year prior to January 12, 1989 (*see Seymour*

*v New York State Elec. & Gas Corp.*, 215 AD2d 971, 972 [1995]; *Williams v Varig Brazilian Airlines*, 169 AD2d 434, 437 [1991], *lv denied* 78 NY2d 854 [1991]; *cf. Karam v First Am. Bank of N.Y., supra* at 1018). The plaintiff's claims with respect to statements uttered more than one year before the commencement of the action are time-barred (*see Iorio v Lyons*, 211 AD2d 699, 700 [1995]). Accordingly, the Supreme Court erred in denying Fried's motion pursuant to CPLR 4401 for judgment as a matter of law.

In light of our determination, we need not reach the parties' remaining contentions. Altman, J.P., Goldstein, Adams and · Crane, JJ., concur.