■ CHRISTOPHER GIGANTE et al., Respondents, v STEPHANIE ARBUCCI, Appellant. [823 NYS2d 539]—

In an action, inter alia, to recover damages for slander and malicious prosecution, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated September 29, 2005, as denied those branches of her motion which were to strike the amended summons and complaint for failure to comply with CPLR 3025 and, in effect, to dismiss the causes of action to recover damages for slander as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was, in effect, to dismiss the causes of action to recover damages for slander as time-barred pursuant to CPLR 3211 (a) (5) and substituting therefor a provision granting that branch of the motion to the extent of dismissing those causes of action with respect to statements uttered prior to January 19, 2004; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant contends that the plaintiffs could not amend their summons and complaint without leave of court because they failed to do so within 20 days after the answer was allegedly served on February 28, 2005 (see CPLR 3025 [a]). However, the affirmation of the defendant's attorney was insufficient to establish that the answer was served on February 28, 2005 as it did not specifically state that the affiant himself served the answer, nor did it describe the method used to effectuate service in a manner specified by CPLR 2103 (b) (see Metzger v Esseks, 168 AD2d 287 [1990]; Coonradt v Averill Park Cent. School Dist., 73 AD2d 747 [1979]). Since the defendant failed to establish that the plaintiffs' time to amend their pleadings as of right commenced on February 28, 2005 the Supreme Court properly denied that branch of the defendant's motion which was to strike the amended summons and complaint.

However, those causes of action which seek to recover damages for slanderous statements uttered more than one year before the commencement of the action are time-barred and should have been dismissed (see CPLR 215 [3]; *Frederick v Fried*, 10 AD3d 444, 445 [2004]; *Iorio v Lyons*, 211 AD2d 699, 700 [1995]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.