■ FRANCOISE PETER-MACINTYRE, Appellant, v LYNCH INTERNATIONAL, INC., Respondent. [862 NYS2d 351]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 5, 2007, which, insofar as appealed from, granted defendant's motion to vacate its default in opposing a prior motion by plaintiff to reargue a prior order vacating defendant's default in appearance, upon condition that defendant pay plaintiff $250, and, upon vacatur, sub silencio denied plaintiff's prior motion to reargue, unanimously affirmed, without costs.

In support of defendant's motion to vacate its default in opposing plaintiff's January 10, 2007 motion to reargue the December 5, 2006 order vacating defendant's default in appearance, defendant's attorney represented that she did not know about the January 10, 2007 motion, purportedly served by mail on January 10, 2007, or the notice of entry of the January 30, 2007 order granting that motion, purportedly served by mail on February 6, 2007, until February 12, 2007, when she happened to call plaintiff's attorney about the case. On the merits of plaintiff's prior motion to reargue, defendant's attorney argued that the motion merely repeated the arguments that plaintiff had previously made unsuccessfully in opposing vacatur of defendant's default in appearance, and thus would not have been granted had there been opposition. In opposition, plaintiff's attorney argued that affidavits of service by mail raised a presumption of receipt that defendant's attorney's allegations of nonreceipt failed to rebut. We reject plaintiff's argument because the January 11, 2007 "Affirmation of Service" on which she relies as proof of the alleged January 10, 2006 service of the January 10, 2007 motion to reargue is defective. That affirmation states that "I caused a copy of plaintiff's motion for leave to reargue to be sent by first class mail to [defendant's attorney] at the following address." Such affirmation is defective because it does not specifically state that the affiant, who is plaintiff's attorney, himself mailed the motion (*Metzger v Esseks*, 168 AD2d 287, 287 [1990]; *Gigante v Arbucci*, 34 AD3d 425, 425 [2006]). Plaintiff's argument that defendant's original motion to vacate its default in appearance should have been denied for lack of a reasonable excuse and meritorious defense is not properly before the Court since plaintiff did not appeal the December 5, 2006 order; in any event, it appears that the default was properly vacated. Concur—Lippman, P.J., Tom, Andrias and Saxe, JJ.