Mehrotra v General Elec. Co. (2024 NY Slip Op 00113)

Mehrotra v General Elec. Co.

2024 NY Slip Op 00113

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

CV-23-0134
[*1]Shashi Mehrotra, Appellant,
v
General Electric Company et al., Respondents.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Shashi Mehrotra, Niskayuna, appellant pro se.
Seyfarth Shaw LLP, New York City (Alnisa Bell of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Mark L. Powers, J.), entered October 31, 2022 in Schenectady County, which granted defendants' motion to dismiss the amended complaint.
In 1998, plaintiff was hired by General Electric International Inc., a subsidiary of defendant General Electric Company (hereinafter GE). He worked there continually until June 2019, when he and two other project managers were laid off due to a workforce reduction. Plaintiff immediately filed an internal complaint with GE asserting that he had been laid off because the previous year he had exposed an issue of regulatory noncompliance and that said exposure had cost the company significant funds. His complaint prompted an internal investigation that concluded in September 2019. Since June 2019, the other two managers who were laid off with plaintiff have been rehired by the company. Plaintiff, despite submitting numerous applications, has not been rehired. In February 2021, plaintiff learned that a report submitted by GE to the Occupational Safety and Health Administration (hereinafter OSHA), in defense of a separate action plaintiff had filed with OSHA, contained certain statements which he deemed to be false and defamatory. Specifically, plaintiff alleges that the report contained a statement that a senior employee human resources manager had conducted a review and determined that some items plaintiff claimed to have invented had been copied from the Internet. Plaintiff believes that defendant Jennifer Terpening, who was GE's senior employee human resources manager, made this statement, repeated it to others and that her statements to this effect are the reason he has not been rehired.
Plaintiff commenced this action on February 7, 2022, alleging slander per se and libel per se. Defendants moved to dismiss the complaint for failure to state a cause of action and expiration of the statute of limitations (see CPLR 3211 [a] [5], [7]). Supreme Court granted the motion finding that plaintiff's action is barred by the statute of limitations. Plaintiff appeals.
An action for slander and libel must be commenced within one year from the date that defendants made the defamatory statements (see CPLR 215 [3]; Coe v Town of Conklin, 94 AD3d 1197, 1198 [3d Dept 2012]). Plaintiff contends that the action is not time-barred because he did not discover the statements until February 11, 2021, and filed suit within the one-year period, on February 7, 2022. However, the statute of limitations for libel and slander starts to run within one year from the date of "the publication or utterance of the defamatory statement" (Frederick v Fried, 10 AD3d 444, 445 [2d Dept 2004], lvs denied 4 NY3d 730 [2004], 5 NY3d 708 [2005]; see Biaggi v O'Flynn, 216 AD3d 484, 484-485 [1st Dept 2023]). The latest date alleged by plaintiff for the statements being uttered or published is September 2019, and the statute of limitations ran one year thereafter, well before this action was commenced. Contrary to plaintiff's [*2]assertion, the fact that he did not discover the statements until a later date does not extend the one-year statute of limitations (see Frederick v Fried, 10 AD3d at 445; Seymour v New York State Elec. & Gas Corp., 215 AD2d 971, 972 [3d Dept 1995]; Memory's Garden v D'Amico, 84 AD2d 892, 892 [3d Dept 1981]).
Plaintiff next contends that the doctrine of equitable estoppel applies to toll the statute of limitations. "Equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (Doe v Holy See [State of Vatican City], 17 AD3d 793, 794 [3d Dept 2005] [internal quotation marks and citations omitted], lv denied 6 NY3d 707 [2006]). For the doctrine to apply, plaintiff must show that he was "actively misled" by defendants or that he "in some extraordinary way had been prevented from complying with the limitations period" (Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co., 38 AD3d 325, 325 [1st Dept 2007] [internal quotation marks and citation omitted]).
Here, plaintiff claims he had two discussions with GE employees who were investigating whether his layoff was retaliatory and/or if he was being blacklisted and he was advised that there was no evidence of such actions. Plaintiff then allegedly asked if the investigation had yielded anything negative about him and was told that it had not. He argues that, in light of the statements at issue, this was untrue and should serve to extend the statute. However, "mere silence or failure to disclose the wrongdoing is insufficient" to support an estoppel (Doe v Holy See [State of Vatican City], 17 AD3d at 795 [internal quotation marks and citation omitted]); the plaintiff must show how he was prevented from timely filing an action. Plaintiff has failed to allege how this conduct delayed his filing. Assuming, arguendo, that these statements were misrepresentations, plaintiff does not assert how defendants impeded him from commencing an action within the statutory period (see Cullin v Lynch, 113 AD3d 586, 586 [2d Dept 2014]; Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co., 38 AD3d at 326).
Defendants also sought to dismiss the complaint on the ground that these statements fell within the common interest privilege. "A qualified privilege arises when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (Scott v Thayer, 160 AD3d 1175, 1176 [3d Dept 2018] [internal quotation marks and citations omitted]). This common interest privilege includes statements to fellow employees on a subject concerning the employer (see Curren v Carbonic Sys., Inc., 58 AD3d 1104, 1106[3d Dept 2009]). Plaintiff asserts that he has overcome the common interest privilege by a showing of actual malice. Supreme Court [*3]correctly determined that even if additional discovery was ordered on this issue, plaintiff's action would still be time-barred. To the extent not expressly addressed herein, plaintiff's remaining contentions have been considered and found to be without merit.
Clark, J.P., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.