■ PEDRO J. ARRIAGA, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 63986-A.) — Order of the Court of Claims (Orlando, J.), entered September 17, 1984, denying defendant-appellant's motion for summary judgment, is unanimously reversed, on the law, without costs, and the State's motion for summary judgment dismissal is granted.

On December 29, 1979, at 11:30 P.M., claimant was at his mother's apartment with his brother, Salvador Arriaga, a correction officer employed at Ossining Correctional Facility, when his brother accidentally shot him, rendering him a quadriplegic. His brother was off duty and had been cleaning his personal firearm. Claimant now seeks to recover against the State for his personal injuries under the theory of respondeat superior.

In support of its motion for summary judgment dismissal the State, relying on the above facts, argued that it could not be held vicariously liable for the conduct of claimant's brother, since Mr. Arriaga was not acting within the scope of his employment. The Department of Correction contended that it did not require or desire that its employees carry a weapon while off duty. The State cited Department of Correction Directive No. 220, which states: "This department is not a police agency, and it does not require, nor even desire, its off-duty peace officers to carry

firearms." In opposition to the motion, claimant merely suggested that the State had failed to properly train his brother and was thus liable for his negligence.

It cannot be seriously disputed that claimant has wholly failed to come forward with sufficient proof to oppose the motion for summary judgment and require a trial on his claim. (*See, Ferber v Sterndent Corp.*, 51 NY2d 782, 783.) Because the State has satisfactorily demonstrated that claimant's brother was not acting within the scope of his employment when he accidentally shot claimant, the State's motion for summary judgment dismissal should have been granted.

It is hornbook law that "the doctrine of *respondeat superior* renders a master vicariously liable for a tort committed by his servant while acting within the scope of his employment [citations omitted]." (*Riviello v Waldron*, 47 NY2d 297, 302.) A servant acts within the scope of his employment "when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities [citations omitted]." (*Lundberg v State of New York*, 25 NY2d 467, 470.) As long as the employee is performing his employer's work, liability lies, " ' "no matter how irregularly, or with what disregard of instructions" ' " the employee performs. (*Riviello v Waldron*, 47 NY2d, at p 302, quoting from *Jones v Weigand*, 134 App Div 644, 645.)

The claimant's brother was off duty and at his mother's home when he was cleaning his personal revolver, which was not owned or issued by the State Department of Correction, and which the Department did not require that Mr. Arriaga carry. Obviously, Mr. Arriaga was engaged in a purely personal action and was not doing anything in furtherance of a duty he owed his employer. The claimant has totally failed to come forward with any fact to support a theory that Mr. Arriaga's actions were in furtherance of some duty to his employer. (*Cf. Frazier v State of New York*, 64 NY2d 802, 803.) Secondly, the State had no control over Mr. Arriaga's decision to clean his personal revolver at his mother's home on his day off. Clearly, Mr. Arriaga was not acting in his capacity as a correction officer or peace officer, or pursuant to any statutory or departmental authorization when he undertook to clean his revolver. Finally, claimant's feeble argument that the brother was negligently trained in the use of firearms lacks any merit given that claimant failed to specify how the accident took place or how the brother's training affected the way in which he handled the gun. Accordingly, there was no showing that Mr. Arriaga was acting within the scope of

his employment, and the motion for summary judgment should have been granted. Concur — Sandler, J. P., Sullivan, Carro, Lynch and Rosenberger, JJ.