■ THOMAS J. HALL, Respondent, v DAVID L. DANFORTH, Defendant, and VINCENT A. MAI, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 6, 1990 in Columbia County, which denied defendant Vincent A. Mai's motion for summary judgment dismissing the complaint against him.

This personal injury action stems from an incident which occurred on November 21, 1988, the first day of deer hunting season, on Kinderhook Farm in the Town of Ghent, Columbia County. On that day, plaintiff was accidentally shot in the leg by defendant David L. Danforth, the caretaker of Kinderhook Farm, while Danforth was attempting to shoot a deer that was grazing there. Although it is undisputed that Danforth's employer, defendant Vincent A. Mai (hereinafter defendant), did not allow hunting on the farm and posted signs to that effect, Danforth hunted there regardless and apparently gave others permission to do so, including plaintiff. A nine-point buck had been seen in the area of defendant's farm and several of the local hunters were interested in shooting it. Along with bringing suit against Danforth for his injuries, plaintiff also commenced suit against defendant asserting that defendant is vicariously liable for the acts of his employee under the doctrine of respondeat superior. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against him claiming that, as a matter of law, respondeat superior did not apply here. Supreme Court denied the motion and this appeal by defendant followed.

There must be a reversal. Pursuant to the doctrine of respondeat superior, "an employer may be held vicariously liable for a tort committed by an employee in the course of performance of his or her duties" *(Murray v Watervliet City School Dist.,* 130 AD2d 830). However, if the tort was committed by the employee solely for personal ends, rather than in furtherance of or incident to the employer's business, liability for the employee's acts may not be imputed to the employer *(Horowitz v Sears, Roebuck & Co.,* 137 AD2d 492). While what constitutes the "scope of employment" in these cases is most

often a jury question *(see, Riviello v Waldron,* 47 NY2d 297, 302-303; *Young Bai Choi v D & D Novelties,* 157 AD2d 777, 778), a trial is not necessary where a defendant's right to summary judgment is established as a matter of law *(see, e.g., Horowitz v Sears, Roebuck & Co., supra; Island Associated Coop. v Hartmann,* 118 AD2d 830; *Matter of Parker v Port Auth.,* 113 AD2d 763; *Arriaga v State of New York,* 111 AD2d 663).

Here, the evidence as established by defendant's moving papers and the excerpts from the examinations before trial is as follows. Danforth had been employed by defendant for over three years prior to the accident as a live-in farm manager. The farm chiefly produced feed for dairy cows although the particular field where the accident took place only contained uncultivated pasture. Plaintiff's father, Robert Hall, Jr., stated at his examination before trial that Danforth often gave him permission to hunt and take wood off defendant's property with the clear understanding that, if defendant was there that weekend, neither of these activities could take place. In fact, Hall testified that, on the day in question, his son, plaintiff, was to park his truck in such a way that if defendant did come to the farm unexpectedly defendant would assume plaintiff was hunting on someone else's property. Defendant testified that he did not allow anyone to hunt on his posted property and that, as far as he knew previously, this rule was obeyed. At his examination before trial, Danforth stated unequivocally that defendant did not allow any hunting on the property. Nevertheless, he testified that on the day of the accident he had hunted for a few hours during his morning working hours in the subject field without shooting at any of the deer he saw. Later, as Danforth was about to quit for the day, he saw several doe in the field with a buck far to the left. Danforth picked up his gun and aimed it past the doe at the buck, with the intent to shoot it. Instead he shot plaintiff, who was apparently wearing camouflaged clothing.

All of this evidence leads inexorably to the conclusion that Danforth was "engaged in a purely personal action and was not doing anything in furtherance of a duty he owed his employer" *(Arriaga v State of New York,* 111 AD2d 663, 664, *supra).* In opposition to defendant's motion, plaintiff submitted an affidavit from his attorney along with excerpts from Danforth's and defendant's examinations before trial. Plaintiff's attorney suggests in her affidavit that the mere fact that Danforth was defendant's farm manager meant that he might have "intended to merely scare the herd of deer from feeding

and grazing in a field that may be used for planting, [or] to kill the deer to control the deer population generally roaming throughout the crop fields." The conclusory and speculative allegations contained in plaintiff's counsel's affidavit and the papers attached thereto fall far short of raising a question of fact concerning defendant's proof that Danforth's activities on the day in question were undertaken for purely personal motives (see, Zuckerman v City of New York, 49 NY2d 557, 562-563). Accordingly, Supreme Court erred in not granting defendant's motion to dismiss the complaint against him.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Vincent A. Mai and complaint dismissed against him. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.