■ Dominika Overton, Respondent, v Vincent P. Ebert, III, Defendant, and Johnston & Rhodes Bluestone Company, Appellant.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered October 25, 1990 in Orange County, which denied a motion by defendant Johnston & Rhodes Bluestone Company for, *inter alia,* summary judgment dismissing the complaint against it.

At issue on this appeal is whether an employer can be held liable under the doctrine of respondeat superior for injuries caused by the negligence of an employee in the operation of his own automobile while driving from the employer's premises to a nearby store during a regular morning coffee break to purchase refreshments for his own consumption. Supreme Court held that a question of fact had been raised as to whether defendant Vincent P. Ebert, III was acting in the course of his employment with defendant Johnston & Rhodes Bluestone Company when the accident occurred and, therefore, Johnston & Rhodes' motion for summary judgment was denied. We disagree and grant Johnston & Rhodes' motion for summary judgment dismissing plaintiff's complaint against it.

The doctrine of respondeat superior, which renders a master vicariously liable for a tort committed by his servant while acting within the scope of his employment, is more simply stated than applied because it depends largely on the facts and circumstances peculiar to each case *(Riviello v Waldron,*

47 NY2d 297, 302). As a result of this heavy dependence on factual considerations, the question is ordinarily one for the jury (supra, at 303), but the courts have consistently decided the question as a matter of law when the undisputed facts provide no basis for applying the doctrine (see, e.g., Tenczar v Richmond, 172 AD2d 952, lv denied 78 NY2d 859; Hall v Danforth, 172 AD2d 906; see also, Lundberg v State of New York, 25 NY2d 467). Thus, for example, this court has dismissed claims based upon respondeat superior when the evidence on a motion for summary judgment conclusively established that the tort was committed while the employee was acting pursuant to his own personal motives and was not doing anything in furtherance of a duty owed to his employer (Hall v Danforth, supra; Heindel v Bowery Sav. Bank, 138 AD2d 787).

In the case at bar, Johnston & Rhodes was engaged in the business of selling hardwood lumber and bluestone at wholesale. There were water fountains located on the premises, but Johnston & Rhodes supplied no other refreshments, vending machines or refrigerated storage space. Employees were paid during the morning coffee break and Johnston & Rhodes permitted them to leave the premises during the break, but they were required to return within 10 minutes. Ebert worked at the stone dock and his duties involved the handling of stone, loading and unloading trucks and, on occasion, operating a forklift. When Ebert left Johnston & Rhodes' premises in his own vehicle, he was not engaged in an assignment from Johnston & Rhodes; his only purpose was to "get a couple of sodas and some chips" for himself and a fellow employee who accompanied him.

One of the "useful guidelines" for assessing whether the conduct of a particular employee falls within the scope of employment for respondeat superior purposes is "the extent of departure from normal methods of performance" (Riviello v Waldron, supra, at 303). It is our view that Ebert's trip to a nearby store to purchase soda and chips for his own consumption constituted a substantial departure from the normal methods of the performance of his duties as a yardman. Ebert was not acting pursuant to any direction or assignment from Johnston & Rhodes and there is no evidence that Ebert's trip was incidental to the furtherance of Johnston & Rhodes' interests. Plaintiff argues that Ebert "was furthering the course of his employment by replenishing himself with food which would give him the energy to continue the back-breaking work he endured as a yardman". There is, however, no

evidence in the record that Ebert's consumption of soda and chips during his morning break was necessary, or even helpful, to the performance of his duties as a yardman. We reject the suggestion, implicit in plaintiff's argument, that the doctrine of respondeat superior should apply solely because an activity which benefits an employee personally could also have a possible benefit to the employer (see, *Ehlenfield v State of New York,* 62 AD2d 1151, *lv denied* 44 NY2d 649). Because Ebert was acting for his own personal convenience and benefit and not in the furtherance of any duty owed to Johnston & Rhodes, the motion for summary judgment dismissing the complaint against Johnston & Rhodes should have been granted.

Weiss, P. J., Levine and Mercure, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Johnston & Rhodes Bluestone Company, by reversing so much thereof as denied said defendant's motion for summary judgment; motion granted to that extent, summary judgment awarded to defendant Johnston & Rhodes Bluestone Company and complaint dismissed against said defendant; and, as so modified, affirmed.