■ GARY V. CRAWFORD, as Administrator of the Estate of GARY V. CRAWFORD, JR., Deceased, Respondent, v WESTCOTT STEEL COMPANY, INC., Appellant, et al., Defendants.—Appeal from an order of the Supreme Court (Keegan, J.), entered February 28, 1992 in Albany County, which denied a motion by defendant Westcott Steel Company, Inc. for summary judgment dismissing the complaint against it.

In November 1988, defendant Westcott Steel Company, Inc. (hereinafter defendant) sent a work crew, which included defendant Sam Mabile, 85 miles from its home office to the Town of Clifton Park, Saratoga County, to erect bleachers at a skating rink. After work one evening while returning from a local tavern, Mabile was involved in an automobile accident which resulted in the death of plaintiff's son. Plaintiff commenced this action against defendant claiming that Mabile was acting in the scope of his employment and, therefore, defendant should be liable under the doctrine of respondeat superior. Upon the denial of its motion for summary judgment, defendant appeals.

The doctrine of respondeat superior holds an employer vicariously liable for the negligent acts committed by an employee while acting in the scope of employment *(see, Lundberg v State of New York,* 25 NY2d 467, 470; *Hall v Danforth,* 172 AD2d 906). "[A]n employee acts within the scope of * * * employment when he [or she] is acting in furtherance of the

---

duties owed to the employer and where the employer is or could be exercising some degree of control, directly or indirectly, over the employee's activities" *(Swartzlander v Forms-Rite Bus. Forms & Print. Serv.,* 174 AD2d 971, 972, *affd* 78 NY2d 1060). While the question of whether one is acting within the scope of employment is generally one of fact for the jury, summary judgment is appropriate where there is no conflicting evidence or the facts are undisputed *(see, Overton v Ebert,* 180 AD2d 955, 956, *lv denied* 80 NY2d 751; *Tenczar v Richmond,* 172 AD2d 952, 953, *lv denied* 78 NY2d 859; *Hall v Danforth, supra,* at 906-907).

The undisputed evidence in the record indicates that Mabile was not acting at the direction or control of defendant nor in furtherance of any duty owed to defendant at the time of the accident, but instead he was engaged in a personal activity at a time when he was free to do as he pleased. The fact that defendant paid for and reserved rooms at a local motel while its employees were working at the specific location is not controlling, as it is also undisputed that the employees were neither required to stay in the motel or even in the area nor did they have to inform defendant of their whereabouts once the work day was over. In addition, defendant did not pay its employees for their meals while they were away at a job site. Under the circumstances, the motion for summary judgment dismissing the complaint against defendant should have been granted *(see, Lundberg v State of New York, supra,* at 471-472; *Tenczar v Richmond, supra; Hall v Danforth, supra).*

Mikoll, J. P., Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Westcott Steel Company, Inc. and complaint dismissed against said defendant.