■ BARNEY B. PERRY, Appellant, et al., Plaintiff, v DONALD BYRD et al., Respondents. [623 NYS2d 108] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered on March 16, 1994, unanimously affirmed for the reasons stated by Schackman, J., without costs and disbursements. No opinion. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.

■ ERIC GOLDBERG et al., Appellants, v SULZBERGER-ROLFE, INC., et al., Respondents, et al., Defendants. [622 NYS2d 272] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered November 8, 1993, which granted summary judgment to defendants-respondents, and dismissed the amended complaint and all cross-claims, unanimously affirmed, without costs.

The IAS Court properly found defendants-respondents not liable pursuant to the doctrine of respondeat superior where their employee, defendant Catalic, whose job duties as a maintenance man-porter were limited to on-premises tasks, accidentally injured plaintiff, a pedestrian, when he left the premises on his break to drive his supervisor and two independent contractors to a job site, as a favor, in a van owned by defendant Reliable (his supervisor's side business corporation). Defendants have no respondeat superior liability as a matter of law since defendant Catalic, in operating the motor vehicle at the time of the accident, was not acting in furtherance of his employer's interests, nor was he acting pursuant to any duty owed to his employer, and there was no showing that this substantial deviation from usual performance was reasonably forseeable *(see, Overton v Ebert,* 180 AD2d 955, *lv denied* 80 NY2d 751; *Stavitz v City of New York,* 98 AD2d 529). Concur—Sullivan, J. P., Wallach, Rubin, Ross and Tom, JJ.