■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ELLINGTON, Appellant. [661 NYS2d 566] —Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence was insufficient to warrant submission of the count charging depraved mind murder (Penal Law § 125.25 [2]) to the jury. That contention is unpreserved for our review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.

■ SUZETTE BRENNAN et al., Respondents, v LIONS CLUB OF OLCOTT, INC., et al., Defendants, and UPPER MOUNTAIN FIRE DEPARTMENT, INC., Appellant. [661 NYS2d 157] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Upper Mountain Fire Department, Inc., dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Upper Mountain Fire Department, Inc. (UMFD), for summary judgment dismissing the complaint against it. UMFD established that, at the time Suzette Brennan (plaintiff) was injured, the off-duty members of UMFD who were present were not acting at the direction or control of UMFD and were not acting in furtherance of any duty owed to UMFD. Rather, the individuals were engaged in personal activity outside the scope of their employment (*see, Riviello v Waldron,* 47 NY2d 297, 302-303; *Crawford v Westcott Steel Co.,* 188 AD2d 731). UMFD also established that it did not participate in crowd control or protection of the public at the demolition event, and plaintiffs failed to establish the existence of a duty owed by UMFD to plaintiff. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.