■ JOHN P. KINGSLEY, as Guardian ad Litem of JULISSA LEIJA, an Infant, Appellant, v ISRAEL LEIJA et al., Defendants, and PETER B. CONCKLIN, Individually and Doing Business as ORCHARDS OF CONCKLIN, Respondent. [687 NYS2d 795] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 29, 1998 in Columbia County, which granted defendant Peter B. Concklin's motion for summary judgment dismissing the complaint against him.

Defendants Israel Leija and Sylvia Leija were employed in 1992 by Orchards of Concklin, a farm owned by Orchards of Concklin Partnership of which defendant Peter B. Concklin (hereinafter defendant) was a partner, to work in the packing house packaging fruits and vegetables planted and harvested on the farm. Israel Leija was further obligated to perform maintenance work in the orchards, which included pruning the trees and mowing the lawn for which he was provided all needed equipment, including a tractor. As provided in their written employment agreement, the Leijas received, "in addition to wages", a rent allowance of $400. However, when they were unable to find suitable housing, defendant allowed them to move into a trailer on the farm, provided that Israel Leija made all necessary repairs so that it could pass Department of Health inspection. He was not compensated for this work but was provided with all materials.

According to defendant, as a condition of living in the trailer, the Leijas were required to maintain the trailer and the surrounding grounds after working hours, including the lawn. However, defendant discussed the maintenance of the lawn exclusively with Israel Leija; Sylvia Leija confirmed this by testifying that she never maintained the lawn since it was solely the responsibility of her husband. Israel Leija purchased his own tractor for this purpose. Despite Israel Leija's contention that he was paid for mowing around his trailer by including such time in his time records, defendant contended that Israel Leija was never knowingly compensated nor entitled to be compensated for maintenance work around the trailer.

On July 8, 1992 at approximately 7:30 P.M., after the completion of the work day, Israel Leija was mowing the lawn around the trailer on his tractor when it ran out of gas. Sylvia Leija, who was in the yard playing with their two children, was asked to retrieve gas from a local gas station. Upon her return and before the gas was put into the tractor, it stalled. Requiring

that it be jumped, Israel Leija directed Sylvia Leija to move the family car to the rear of the trailer where the tractor was situated so that he could jump-start it. Contending that she was watching their infant children and was unable to assist, Israel Leija assured her that he would watch them while she moved the car. In so doing, she hit their daughter, Julissa, causing numerous injuries.

Plaintiff, as guardian ad litem for Julissa, commenced this action against defendant and the Leijas. Plaintiff theorizes that defendant is liable under the doctrine of respondeat superior and as the owner of the trailer and property where the Leijas reside. After discovery, defendant moved for summary judgment. Supreme Court granted the motion, finding, *inter alia*, that the Leijas were not acting within the scope of their employment at the time of the injury and therefore defendant could not be held liable either under the doctrine of respondeat superior or by the consequence of his ownership status. Plaintiff appeals.

An employer will be held vicariously liable pursuant to the doctrine of respondeat superior for negligent acts committed by an employee when such acts occur " 'in the course of performance of his or her duties' " (*Hall v Danforth*, 172 AD2d 906, quoting *Murray v Watervliet City School Dist.*, 130 AD2d 830). Since the question of whether an employee is acting within the scope of employment so heavily depends upon consideration of numerous factors, the resolution thereof is typically relegated to a jury (*see, Riviello v Waldron*, 47 NY2d 297, 302-303; *see also, Crawford v Westcott Steel Co.*, 188 AD2d 731, 732; *Overton v Ebert*, 180 AD2d 955, 955-956, *lv denied* 80 NY2d 751). Here, however, it is undisputed that the infant was injured when Sylvia Leija, during her off-duty time, negligently moved their family vehicle. Although Israel Leija contends that mowing around the trailer was a condition of his employment, Sylvia Leija repeatedly testified that she was not responsible for maintaining the lawn and that her employment was limited to working in the packing house Monday through Friday between the hours of 8:00 A.M. and 5:00 P.M. As the incident occurred after working hours and as a direct result of the way in which Sylvia Leija operated her privately owned motor vehicle in connection with a matter unrelated to her employment, we agree that there is no basis to impute liability to defendant under the doctrine of respondeat superior (*see, Crawford v Westcott Steel Co., supra; Overton v Ebert, supra; Hall v Danforth, supra*).

As to Israel Leija, we find a failure of proof to support the

contention that his maintenance of the lawn around the trailer was within the scope of his employment. Since Israel Leija's failure to supervise proximately caused the infant's injuries, we find no basis to conclude that such task is even remotely related to the work he was performing for the benefit of his employer.

Addressing any remaining allegations of liability stemming from defendant's ownership of the property where the accident occurred, we note that the accident did not arise out of any conditions on the property and that the Leijas were not required to live in such trailer as a condition of their employment (*cf.*, *Matter of Torres v Laurel Hill Nursery*, 98 AD2d 904, *affd* 64 NY2d 895; *Matter of Feliciano v Woodlea Nursery*, 57 AD2d 979).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.