OPINION OF THE COURT
Joseph M. Sise, J.
The basic facts underlying this lawsuit are essentially undisputed. On September 25, 1996 plaintiff Emilio Suarez purchased a snowblower at the Wal-Mart Store located in the Town of Amsterdam, Montgomery County. Lacking the means to transport the machine, Suarez left it in the store until Saturday, September 28th, when he returned with plaintiff Adrian Colon and his truck. After ascertaining Suarez’s identity, defendant’s assistant manager delivered the snowblower to him and allowed him to remove it through a side door. Contemporaneously, a Wal-Mart employee, James J. Crisalli, Jr., was leaving the store at the end of his workday. As he was doing so, he noticed plaintiffs loading the snowblower onto Colon’s truck. Because plaintiffs were not accompanied by a Wal-Mart employee, Crisalli suspected they might have been stealing the snowblower. Acting on this suspicion, he followed plaintiffs as they drove across the street to the K-Mart Shopping Plaza where Colon exited the truck and went into the store. Meanwhile, Crisalli approached a Montgomery County *924 Deputy Sheriff and asked him to check to see if plaintiffs had a receipt for the snowblower. The Deputy acceded to this request and approached Suarez, asking him for the receipt. After Suarez produced it, the Deputy left without taking any action. Plaintiffs then returned to Wal-Mart where they confronted Crisalli in the parking lot. When they asked why he had accused them of stealing the snowblower, he allegedly replied he had done so because “spies” had stolen snowblowers from Wal-Mart.
Subsequently, plaintiffs commenced this action setting forth causes of action for slander, false arrest, false imprisonment, intentional infliction of emotional distress and negligent supervision and training. At this point, both parties are seeking summary judgment.
The court will first consider the potentially dispositive issue of whether liability may be imposed upon defendant under the doctrine of respondeat superior. Pursuant to this doctrine, an employer is vicariously liable for negligent acts committed by an employee when such acts occur in the course of the employee’s duties (see, Kingsley v Leija, 260 AD2d 761 [1999]). To determine whether an employee’s acts were within the scope of his or her employment, the fact finder must consider, inter alla, the connection between the time, place and occasion for the act; the history of the relationship between the employer and employee as spelled out in actual practice; whether the act is one commonly done by such employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated (see, Riviello v Waldron, 47 NY2d 297, 303). This determination is generally for the jury unless the undisputed facts provide no basis for applying the doctrine (see, Overton v Ebert, 180 AD2d 955).
Defendant argues that this general rule should not apply here since Crisalli was off duty at the time of the incident. The court disagrees that this factor alone takes this case as a matter of law outside the parameters of the doctrine of respondeat superior. Unlike the situation in Kingsley v Leija (supra), where the employee’s off-duty act was unrelated to her employment, Crisalli’s actions began on defendant’s property and were in furtherance of his duties and defendant’s business. In the court’s view these factors provide a possible basis for the application of the doctrine in this case thereby making an award of summary judgment on this issue inappropriate.
Alternatively, defendant argues that the subject doctrine is inapplicable by reason of Crisalli’s deviation from its policy *925 which directs employees to continuously watch a suspected shoplifter until such time as the suspect leaves the store at which point certain personnel are authorized to apprehend him or her. Given this direction and as an employer need not have foreseen the precise act or the exact manner of injury as long as the general type of conduct may have been reasonably expected (see, Riviello v Waldron, supra, at 304), Crisalli’s purported departure from Wal-Mart’s policy presents a question of fact as to whether he was acting within the scope of his employment (see, O’Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 442). Consequently, this court rejects this alternative argument.
This court will now examine plaintiffs’ causes of action in seriatim in accordance with the principles enunciated in Zuck-erman v City of New York (49 NY2d 557) and GTF Mktg. v Colonial Aluminum Sales (66 NY2d 965).
In their cause of action for slander, plaintiffs allege that in the full hearing of the Deputy Sheriff and approximately 25 onlookers, Crisalli repeatedly stated that they had stolen the snowblower from defendant’s store. It is well settled that a person, acting in good faith, who reports suspected criminal activity to the police, enjoys a qualified privilege, even if a more prudent person would not have reported it or the information turns out to be false (see, Present v Avon Prods., 253 AD2d 183 [1999]). This privilege can be overcome if the plaintiff produces proof showing that the defendant acted with spite or ill-will (common-law malice) or with knowledge that the statement was false or with reckless disregard of whether it was false or not (constitutional malice) (see, Christenson v Gutman, 249 AD2d 805; Grier v Johnson, 232 AD2d 846, 848). Further, the privilege can be lost if it is disseminated to persons other than those with a corresponding interest or duty in the subject of the communication (see, Rosen v Piluso, 235 AD2d 412). This is particularly apt here as the record indicates Crisalli’s remarks may have been addressed to a crowd of onlookers who had no interest in them. Moreover, Crisalli’s purported remark that “spies” had stolen snowblowers from defendant raises the question of whether he was motivated by malice alone in reporting plaintiffs’ suspected crimes to the Deputy Sheriff (see, Grier v Johnson, supra, at 848-849). Therefore, since the record presents genuine triable issues of fact regarding whether or not Crisalli’s statements were qualifiedly privileged, summary judgment on this cause of action is not warranted.
This court reaches a different conclusion with respect to plaintiffs’ second cause of action for false arrest. Merely provid *926 ing information to the police, even when subsequently found, to be in error, does not subject the informant to liability for false arrest unless he or she instigated the plaintiffs arrest or persuaded the police to arrest plaintiff (see, King v Crossland Sav. Bank, 111 F3d 251, 256; Carrington v City of New York, 201 AD2d 525). In this instance, there is no credible evidence that Crisalli did anything but provide the Deputy Sheriff with information regarding his suspicions about plaintiffs, leaving the Deputy Sheriff free to use his own judgment about whether to arrest plaintiffs (see, Cobb v Willis, 208 AD2d 1155). Additionally, as it is undisputed that plaintiffs were not taken into custody and as the request to produce the receipt did not subject them to police intrusion of such magnitude that their liberty of movement was significantly interrupted, plaintiffs cannot establish the requisite element of confinement (see, Re-inhart v Jakubowski, 239 AD2d 765). For these reasons, defendant’s cross motion is granted as to this cause of action.
Because the torts of false arrest and false imprisonment are synonymous (see, Fincher v County of Westchester, 979 F Supp 989, 998), plaintiffs’ third cause of action is dismissed as it is duplicative of the second.
Plaintiffs’ fourth cause of action for the intentional infliction of emotional and mental distress is based on the allegation that Crisalli’s actions were intentionally motivated and designed to discriminate against plaintiffs as members of the Hispanic race. The court’s examination of the record discloses there is no competent evidence supporting this allegation. In fact, Suarez admitted in his pretrial deposition that he did not know of any discriminatory treatment of Hispanics by Crisalli. While the record contains evidence that Crisalli may have uttered a reprehensible ethnic slur, an isolated ethnic epithet will not support a cause of action for intentional infliction of emotional distress (see, Williams v Port Auth., 880 F Supp 980, 994; Herlihy v Metropolitan Museum of Art, 214 AD2d 250, 262-263). Accordingly, defendant’s cross motion is granted as to this cause of action.
Plaintiffs’ final cause of action rests on the theory of negligent hiring and supervision. To sustain this claim, plaintiffs must adduce evidence that defendant knew of Crisalli’s propensity to commit the alleged acts or that defendant should have known of such propensity had it conducted an adequate hiring procedure (see, Honohan v Martin’s Food, 255 AD2d 627; Ray v County of Delaware, 239 AD2d 755). Plaintiffs contend they have a viable cause of action because defendant *927 failed to train Crisalli in the proper procedures regarding the apprehension of shoplifters. This conclusory allegation falls far short of establishing this cause of action (see, Richardson v New York Univ., 202 AD2d 295). In any event, it is belied by the record which shows that defendant had promulgated detailed procedures relating to the apprehension of shoplifters. Also, this court’s (Best, J.) examination of Crisalli’s personnel file revealed that it contained nothing relevant to this lawsuit. Thus, the court finds that defendant is entitled to summary judgment dismissing this cause of action.
To conclude, the court denies plaintiffs’ motion in its entirety and grants the cross motion to the extent of dismissing the second, third, fourth and fifth causes of action.