Jill R. DRUSCHKE, Plaintiff,

v.

BANANA REPUBLIC, INC.
and Banana Republic,
LLC, Defendants.

No. 04 Civ. 6696(VM).

United States District Court,
S.D. New York.

Jan. 14, 2005.

**DECISION AND ORDER**

MARRERO, District Judge.

Defendant Banana Republic, LLC ("Banana Republic") has filed a motion to dismiss two counts of a six-count Complaint filed against it in New York State Supreme Court, and removed to this Court pursuant to 28 U.S.C. § 1446. Specifically, Banana Republic moves to dismiss counts two and four of the Complaint, respectively alleging false arrest and in-

tentional or negligent infliction of emotional distress.

For the reasons discussed below, the Court denies Banana Republic's motion to dismiss count two of the Complaint but grants its motion to dismiss count four of the Complaint.

### I. BACKGROUND

Banana Republic is a well-known clothing retailer with several locations in New York City. According to the Complaint, plaintiff Jill R. Druschke ("Druschke") purchased two items, a jacket costing $149.99 and a dress, at a Banana Republic located at 89 Fifth Avenue in Manhattan on November 2, 2003. Three days later, Druschke, on lunch break from work, allegedly attempted to return the jacket at another Banana Republic located at 626 Fifth Avenue. (Compl.¶¶ 9–11.)

Druschke alleges that when she approached a register in Banana Republic's 626 Fifth Avenue store at which returns were accepted, she presented her receipt from the earlier purchase, along with the jacket, to a Banana Republic employee. The employee then refused to give Druschke a refund on the debit card which she had used to purchase the jacket, offering only store credit instead. According to Druschke, when she insisted on a refund rather than store credit, a store supervisor approached Druschke and, after failing to convince her to accept store credit, maliciously accused Druschke of attempting to defraud the store. The supervisor allegedly argued that because the store receipt indicated that the jacket Druschke had purchased was a size 12, while the jacket itself was a size 6, she was seeking to obtain money in exchange for goods that she had not purchased. Druschke contends that the accusation was made to punish her for vigorously pursuing a re-

fund for a jacket that she had purchased only three days earlier. (*Id.* ¶¶ 12–14.)

The Complaint alleges next that the supervisor's accusation led the store's security personnel to approach the register at which Druschke was seeking to make her return and forcibly detain her at the store while they called the New York City Police Department ("NYPD"). When police officers arrived in response to the call, the store supervisor and certain security personnel told the responding police officers that Druschke had forged the store receipt that she presented while attempting to obtain a refund. Druschke claims that instead of informing the police that she allegedly had modified the jacket size on the receipt, store personnel told the police that Druschke had created a fraudulent receipt from scratch, using paper and ink that were not of the type that Banana Republic used for its receipts. "Based only upon the allegations of defendants' employees" (*id.* ¶ 18), Plaintiff was arrested by the police and charged with three misdemeanors. (*Id.* ¶¶ 15–18.)

The arrest and criminal accusations, Druschke asserts, led to further indignities, purportedly culminating in her termination from a lucrative job in the financial services industry. After the police made the arrest, they transported Druschke through the lobby of the office building where Druschke worked, which was connected by a service entrance to the Banana Republic store where she was arrested, to a precinct and subsequently to Central Booking. Allegedly, she was not released until after her criminal arraignment the following day, having been "booked" and fingerprinted. Although the New York District Attorney's Office subsequently determined that Banana Republic's accusations against her were unsubstantiated, Druschke claims that her career and repu-

tation were irreparably harmed by the store's malicious acts. (*Id.* ¶¶ 19–22.)

## II. STANDARD OF REVIEW

 Under settled rules, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court must accept as true all well-pleaded factual allegations in the complaint, and "draw all reasonable inferences in favor of the non-moving party." *SEC v. Pimco Advisors Fund Management LLC*, 341 F.Supp.2d 454, 463 (S.D.N.Y.2004) (citing *Securities Investor Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 68 (2d Cir.2000)).

## III. DISCUSSION

### A. FALSE ARREST

Banana Republic has moved to dismiss Druschke's cause of action for false arrest on the basis of the allegations described above. That cause of action claims specifically that, "as a result of defendants' wrongful and unlawful detention and arrest of Plaintiff [Druschke], Plaintiff was taken into custody by the NYPD to answer for three (3) misdemeanor crimes." (Compl.¶ 32.)

Banana Republic argues that there are two alternative bases on which this false arrest claim should be dismissed. First, according to Banana Republic, Druschke's cause of action for false arrest is identical under New York law to its first cause of action for false imprisonment.[1] Druschke's false imprisonment cause of action

---

1. It is undisputed that New York law applies to this action.

alleges that Banana Republic, through its employees, confined and arrested Druschke knowingly, unreasonably, and without justification or her consent. (Compl.¶¶ 24–27.) Second, even if Druschke may allege a separate and distinct cause of action for false arrest, Banana Republic argues that it cannot be held liable for her arrest by the police.

Neither of these arguments has merit. First, while Banana Republic is correct that the claims of false imprisonment and false arrest are identical under New York law, the Complaint may reasonably be construed to allege different factual bases for Druschke's two causes of action under the law of false imprisonment or false arrest. As Druschke admits in her opposition to Banana Republic's motion, "false arrest and false imprisonment are synonymous." (Plaintiff's Memorandum of Law in Opposition to Defendant's Partial Motion to Dismiss, dated Sept. 21, 2004 (hereinafter, Druschke Mem. of Law) at 6) (quoting *Colon v. Wal–Mart Stores, Inc.*, 182 Misc.2d 921, 703 N.Y.S.2d 863, 867 (N.Y.Sup.Ct.1999).) *See also Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir.1991) ("In New York, the tort of false arrest is synonymous with that of false imprisonment.") Drawing reasonable inferences in favor of Druschke, however, it becomes clear that her first cause of action for false imprisonment rests on Banana Republic employees' alleged forcible detention of Druschke while she was at the store, while her second cause of action rests on a separate and discrete act: Druschke's arrest and temporary incarceration by the NYPD. Because Druschke's first and second causes of action allege different injuries occurring at different times, involving different actors, and asserting different bases for recovery, her second cause of action should not be dismissed on the grounds that it is duplicative with her first cause of action.

Next, Banana Republic argues that it cannot be held liable for the NYPD's arrest and detention of Druschke under law governing a third party's liability for an arrest by police officers. It is true that, under New York law, "[m]erely providing information [to the police], even when subsequently found to be in error, resulting in the arrest of an innocent man, does not subject the informant to liability for false imprisonment." *King v. Crossland Sav. Bank*, 111 F.3d 251, 256–57 (2d Cir.1997) (quoting *Williams v. State*, 90 A.D.2d 861, 456 N.Y.S.2d 491, 493 (App. Div.3d Dep't 1982)). However, as the Second Circuit discussed in *King*, a defendant may be held liable for an arrest by the police if he "affirmatively procured or instigated the plaintiff's arrest." *Id.* at 256; *see also Orndorff v. De Nooyer Chevrolet, Inc.*, 117 A.D.2d 365, 503 N.Y.S.2d 444, 446–47 (App. Div.3d Dep't 1986) (affirming jury verdict finding private company liable for plaintiff's false arrest by police where company employee fabricated allegations that led to arrest).

The Court concludes Druschke has adequately alleged that Banana Republic employees, rather than "merely giving information to legal authorities," *Cobb v. Willis*, 208 A.D.2d 1155, 617 N.Y.S.2d 601, 602 (App. Div.3d Dep't 1994), affirmatively procured her arrest by manufacturing a "false and malicious accusation" (Compl.¶ 17) out of whole cloth, so to speak, and causing the NYPD to arrest her based solely upon that false accusation. (*See id.* ¶ 18) ("Based only upon the allegations of [Banana Republic's] employees, Plaintiff was arrested ... by the police....") Druschke has thus pled allegations closely corresponding to the allegations that were deemed satisfactory to support recovery in *Orndorff*: a private defendant, here Banana Republic, allegedly procured or instigated the police's ar-

rest of the plaintiff, here Druschke, by fabricating a criminal accusation and by inducing the police to rely on that accusation as a basis for arresting the plaintiff. Cases Banana Republic cites for the proposition that a private defendant cannot be held liable for false arrest where that defendant "purely furnished information to legal authorities, who were free to use their own judgment as to whether an arrest would be made or criminal charges filed" (Memorandum of Law in Support of Defendant Banana Republic, LLC's Partial Motion to Dismiss, dated Aug. 25, 2004 (hereinafter "Banana Republic Mem. of Law") at 3 (quoting *Schrull v. Shafer*, 252 A.D.2d 723, 675 N.Y.S.2d 395, 396 (App. Div.3d Dep't 1998)), are inapplicable where the defendants are alleged to have knowingly furnished false information to police in order to induce the police to arrest the plaintiff.

Therefore, Banana Republic's motion to dismiss Druschke's second cause of action for false arrest should be denied.

B. *INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

Druschke's fourth cause of action, for intentional and/or negligent infliction of emotional distress, alleges that the conduct of Banana Republic's employees described above "was extreme and outrageous and was maliciously perpetrated with the intent of causing severe emotional distress to Plaintiff and/or in disregard of the substantial probability of causing severe emotional distress to Plaintiff," and that as a result of that conduct, Druschke "suffered and continues to suffer severe emotional distress and mental anguish." (Compl.¶¶ 44–45.) Banana Republic argues that, under the strict rules established for maintenance of such claims under New York law, Druschke has failed to

allege facts stating a claim upon which relief can be granted. Druschke has attempted to respond to Banana Republic's argument by arguing that the Complaint adequately alleges intentional and/or negligent infliction of emotional distress, by introducing a declaration alleging additional facts in support of her claims (*see* Declaration of Jill R. Druschke, dated Sept. 19, 2004 (hereinafter, "Druschke Decl.")), and by inviting the Court to treat the declaration in conjunction with the motion as a motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b). (*See* Druschke Mem. of Law at 4.)

The Court initially rejects Druschke's attempt to introduce her declaration in opposition to Banana Republic's motion, and to thereby convert the motion into a motion for summary judgment. As Banana Republic points out in its reply brief, the Court cannot consider any allegations made by Druschke outside of her original pleadings contained in the Complaint. (*See* Reply Memorandum of Law in Further Support of Defendant's Partial Motion to Dismiss the Complaint, dated Oct. 13, 2004 (hereinafter, "Banana Republic Reply Mem. of Law") at 5 (citing *B.V. Optische Industrie De Oude Delft v. Hologic, Inc.*, 909 F.Supp. 162, 167 (S.D.N.Y. 1995)).) Druschke, as a non-moving party, cannot unilaterally convert Banana Republic's motion to dismiss into a motion for summary judgment, nor may it incorporate Druschke's new declaration into the Complaint for purposes of this motion. *See B.V. Optische*, 909 F.Supp. at 167.

Examining only the pleadings that serve as the basis for Druschke's claims, the Court concludes that her claims should be dismissed for two separate reasons. First, the Court concludes that Druschke's pleadings are insufficient to establish a factual basis for her claims that Banana Republic employees intentionally or negligently in-

flicted emotional distress upon her. Second, the Court concludes that Druschke fails to demonstrate through her pleadings that her claims for infliction of emotional distress are not duplicative of her other claims.

■■■■ To sustain a claim for intentional infliction of emotional distress (hereinafter, "IIED"), a plaintiff must demonstrate: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir.1996) (citing *Howell v. New York Post Co.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993)). As the Court explained in *Campoverde v. Sony Pictures Entertainment*, No. 01 Civ. 7775, 2002 WL 31163804 at *11 (S.D.N.Y. Sept.30, 2002), "New York courts have imposed a very high threshold for intentional infliction of emotional distress claims, requiring that the conduct must be so outrageous and extreme 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983)). The question of whether a complaint adequately alleges such grievous allegations is a question to be determined by the Court. *See Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir.1999) (affirming dismissal of a claim for IIED on the grounds that the complaint failed to allege sufficiently egregious acts, and stating that "[w]hether the conduct alleged may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance").

■■■ The Court determines that the conduct alleged in Druschke's Complaint fails to meet the extremely high threshold established under New York law for maintenance of an IIED claim. While the conduct of Banana Republic employees alleged in the Complaint, if proven to be true, would be worthy of censure and arguably give rise to other causes of action, they do not allege any acts that truly "go beyond all possible bounds of decency." In *Campoverde*, for example, the Court dismissed a claim for IIED even where the operative complaint alleged that the defendants' employees were "abusive" and "threatening," "kept plaintiffs behind a shut and guarded door" while refusing to let them leave, and ultimately threw them onto the street, concluding that the acts alleged were not sufficiently egregious to meet the high standards established for such claims. *Campoverde*, 2002 WL 31163804 at *12. Unlike *Campoverde*, Druschke has not even alleged in her Complaint that plaintiffs made abusive and threatening statements to her, nor any deliberate falsehoods beyond the allegedly false accusations of fraud and larceny. *Compare also Kaminski v. United Parcel Service*, 120 A.D.2d 409, 501 N.Y.S.2d 871, 873 (App. Div. 1st Dep't 1986) (concluding that a former United Parcel Service employee who was allegedly locked in a room with supervisors and was for more than three hours subjected to threats, coercion, harassment and obscene and aggressive language had adequately stated an IIED claim); *Bender*, 78 F.3d at 791 (concluding that plaintiff who had allegedly been subjected to physical abuse and obscene and aggressive language by arresting police officer while under the control of the officer had sustained her IIED claim).

Nor has Druschke alleged any course of conduct or scheme developed with the intent to cause emotional distress of the type that has survived motions to dismiss in the cases she relies upon, such as *Mejia v.*

*City of New York,* 119 F.Supp.2d 232, 285 (E.D.N.Y.2000) (concluding that an alleged extended course of conduct intended to cause emotional distress could give rise to recovery, even if "certain of plaintiffs' allegations would not, by themselves, necessarily rise to the level of extremity and outrageousness to support" such a claim), and *Bower v. Weisman,* 639 F.Supp. 532, 541 (S.D.N.Y.1986) (concluding that defendant who allegedly "embarked upon a course of conduct that was designed to intimidate, threaten and humiliate the plaintiff" could be found liable for IIED).

 With respect to Druschke's claim for negligent infliction of emotional distress (hereinafter, "NIED"), the Court concludes that Druschke has failed to allege that Banana Republic owed any "direct duty" towards her that could give rise to a special obligation to avoid negligently causing her emotional distress. *See Mortise v. United States,* 102 F.3d 693, 696 (2d Cir.1996) (concluding that a plaintiff could not sustain a claim for negligent infliction of emotional distress where the duty owed by the defendant was not "specific to the plaintiff").[2] Druschke notes correctly that stores, like other premises owners, owe certain duties to visitors. Among those duties is the duty to protect them from negligence. (*See* Druschke Mem. of Law at 11.) But Banana Republic does not seek to dismiss a claim for negligence, which Druschke has alleged separately as her sixth cause of action. Rather, it seeks to dismiss Druschke's independent NIED claim, which requires proof of a duty owed by the defendant to the plaintiff that is far more specific than the more generalized duty to avoid negligently injuring another.

For example, in *St. John v. Rein Teen Tours, Inc.,* No. 99 Civ. 2537, 2000 WL 977685 at *1 (S.D.N.Y. July 17, 2000), the Court dismissed a claim of negligent infliction of emotional distress brought by a teenaged girl and her mother against a tour operator. While the tour operator may have had a general duty to be non-negligent in its treatment of the girl, who had allegedly been locked overnight in a bus without food, water, or lavatory facilities, it lacked the special *personal* duty to her necessary for liability under a NIED theory to attach. Similarly, in *Kelly v. Chase Manhattan Bank,* 717 F.Supp. 227, 235 (S.D.N.Y.1989), the Court dismissed a claim for NIED made by a discharged employee against her employer. The Court concluded that even though the employer may have owed the employee other duties, such as the duty to act honestly and in good faith in its employment practices, it would not be liable for negligent infliction of emotional distress because it did not owe the plaintiff employee a special duty to avoid causing emotional distress. *See id.* ("recovery for negligent infliction of emotional distress 'is circumscribed to unique facts where a special duty is owed.'") (quoting *Rubinstein v. New York Post Corp.,* 128 Misc.2d 1, 488 N.Y.S.2d 331, 334 (Sup.Ct.1985)).

 Second, the Court concludes that Druschke has alleged no facts that would allow her to maintain a separate claim for IIED or NIED "where, as here, the conduct for the underlying claim may be redressed by way of traditional tort remedies such as battery, false arrest, and malicious prosecution." *Campoverde,* 2002 WL 31163804 at *12 (quoting *Black*

---

**2.** Furthermore, Druschke cannot recover under the "bystander" theory of NIED recognized by New York law, which requires proof that a plaintiff "(1) she is threatened with physical harm as a result of defendant's negligence; and (2) consequently she suffers emo-

tional injury from witnessing the death or serious bodily injury of a member of her immediate family." *Id.* (citing *Bovsun v. Sanperi,* 61 N.Y.2d 219, 230–31, 473 N.Y.S.2d 357, 461 N.E.2d 843 (1984)).

*v. Town of Harrison,* No. 02 Civ.2097, 2002 WL 31002824, at \*5 (S.D.N.Y. Sept. 5, 2002)). There are no allegations of injuries that may not be redressed through Druschke's other causes of action. Therefore, the Court determines that Druschke's claims for IIED and NIED are duplicative and must be dismissed on that basis.

## IV. *ORDER*

For the reasons discussed above, it is hereby:

**ORDERED** that the motion of defendant Banana Republic, LLC ("Banana Republic") to dismiss the second cause of action of plaintiff Jill R. Druschke ("Druschke") for false imprisonment is hereby denied; and it is further

**ORDERED** that Banana Republic's motion to dismiss Druschke's fourth cause of action for intentional and/or negligent infliction of emotional distress is hereby granted.

**SO ORDERED.**