■ MICHAEL J. CARLSON, SR., Individually and as Administrator of the Estate of CLAUDIA D'AGOSTINO CARLSON, Deceased, Plaintiff, v WILLIAM M. PORTER, Appellant, and EDWARD H. NIESSER et al., Respondents, et al., Defendants. (Appeal No. 1.) [860 NYS2d 410]—Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 16, 2006. The order granted the trial motion of defendants Edward H. Niesser and Boulevard Twin City Transmissions, Inc. and dismissed the complaint and cross claims against them.

■ MICHAEL J. CARLSON, SR., Individually and as Administrator of the Estate of CLAUDIA D'AGOSTINO CARLSON, Deceased, Respondent, v WILLIAM M. PORTER et al., Appellants, et al., Defendants. (Appeal No. 2.) [861 NYS2d 907]—

Appeals from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 13, 2007. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is modified on the law by granting the post-trial motion of defendants Airborne, Inc., Airborne, Inc., doing business as Airborne Express, DHL International Ltd., and DHL Worldwide Express, setting aside the verdict against those defendants and dismissing the complaint against those defendants, and by granting the post-trial motion of defendant MVP Delivery and Logistics, Inc. in part, setting aside the verdict against that defendant insofar as it is based on vicarious liability under the theory of respondeat superior and dismissing the complaint against that defendant to that extent and setting aside the award of damages for preimpact terror and past and future loss of parental guidance, and as modified the judgment is affirmed without costs, and a new trial is granted on damages for past and future loss of parental guidance only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past loss of parental guidance to $250,000 per child and for future loss of parental guidance to $750,000 per child, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff's decedent died from injuries she sustained when the vehicle she was operating collided with a vehicle driven by defendant William M. Porter and owned by his employer, defendant MVP Delivery and Logistics, Inc. (MVP). At the time of the collision, Porter was attempting to avoid a collision with a vehicle operated by defendant Edward H. Niesser, who was acting in furtherance of his employment with defendant Boulevard Twin City Transmissions, Inc. (collectively, Niesser defendants). Plaintiff commenced this action, individually and as administrator of decedent's estate, against the aforementioned defendants as well as defendants Airborne, Inc., Airborne, Inc., doing business as Airborne Express, DHL International, Ltd., and DHL Worldwide Express (collectively, DHL defendants). The DHL defendants had a cartage agreement with MVP, their franchisee. According to plaintiff, Porter and Niesser were negligent and the remaining defendants were vicariously liable for their negligence because both Porter and Niesser were acting within the scope of their employment at the time of the accident.

We conclude that Supreme Court did not abuse its discretion in denying MVP's motion to bifurcate the trial where, as here, "bifurcation would not 'assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action' " (*Mazur v Mazur*, 288 AD2d 945, 945-946 [2001], quoting 22 NYCRR 202.42 [a]; *see Iszkiewicz v Town of Lancaster*, 16 AD3d 1163 [2005]). We further conclude that, contrary to the contention of Porter with respect to the order in appeal No. 1, the court properly granted the motion of the Niesser defendants, made at the close of proof, seeking dismissal of the complaint and cross claims against them. Porter was the only party who opposed the motion and, viewing the evidence in the light most favorable to him, as we must (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), we conclude that "there is no rational process by which the fact trier could base a finding in favor of [Porter]" (*id.*; *see Ellis v Borzilleri*, 41 AD3d 1170, 1171 [2007]; *Hargis v Sayers* [appeal No. 2], 38 AD3d 1228, 1229 [2007]).

We conclude with respect to the judgment in appeal No. 2 that the court erred in denying the post-trial motion of the DHL defendants to set aside the verdict and for dismissal of the complaint against them on the ground that there is no reasonable view of the evidence upon which a jury could find that they are vicariously liable under a theory of respondeat superior. We further conclude that the court also erred in denying that part of the post-trial motion of MVP to set aside the verdict insofar as it is based on that theory of liability and for dismissal of the complaint to that extent. "Under the doctrine of *respondeat superior*, an employer will be liable for the negligence of an employee committed while the employee is acting in the scope of his [or her] employment" (*Lundberg v State of New York*, 25 NY2d 467, 470 [1969], *rearg denied* 26 NY2d 883 [1970]; *see Riviello v Waldron*, 47 NY2d 297, 302 [1979]). "The general rule is that an employee acts within the scope of his [or her] employment when [the employee] is acting in furtherance of the duties owed to the employer *and* where the employer is or could be exercising some degree of control, directly or indirectly, over the employee's activities . . . Where, as here, travel [is] part of the employment, 'the crucial test is whether the employment created the necessity for the travel' " (*Swartzlander v Forms-Rite Bus. Forms & Print. Serv.*, 174 AD2d 971, 972 [1991], *affd for reasons stated below* 78 NY2d 1060 [1991] [emphasis added], quoting *Matos v Depalma Enters.*, 160 AD2d 1163, 1164 [1990]). Although the issue whether an employee is acting within the scope of his or her employment generally is one of fact, it may be decided as a matter of law in a case such as this, in which the relevant facts are undisputed (*see Crawford v Westcott Steel*

*Co.*, 188 AD2d 731, 732 [1992]; *Overton v Ebert*, 180 AD2d 955, 955-956 [1992], *lv denied* 80 NY2d 751 [1992]).

Porter testified at trial that, before the accident, he was at home, on his scheduled break. After receiving a telephone call from his son, who had been in a motor vehicle accident five miles away, Porter took the MVP-owned delivery van to the accident site. The accident occurred while Porter was en route to his father-in-law's house to retrieve a tool to enable him to repair his son's vehicle. Here, as in *Swartzlander*, it is undisputed that the employee was on a personal errand at the time of the accident and that his employment did not create the necessity for the travel (*see id.* at 972). We therefore conclude as a matter of law that neither the DHL defendants nor MVP may be held vicariously liable under the theory of respondeat superior. Based on our resolution of this issue, we do not address the remaining contentions of the DHL defendants.

Contrary to the further contention of Porter, comments and conduct by the trial court, while at times intemperate, did not indicate that the court was biased against him (*see Hemmerling v Barnes* [appeal No. 2], 269 AD2d 752, 753 [2000]; *see also Colon v City of New York*, 245 AD2d 258, 259 [1997]). Recognizing that "[t]he 'trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary' " (*Messinger v Mount Sinai Med. Ctr.*, 15 AD3d 189, 189 [2005], *lv dismissed* 5 NY3d 820 [2005], quoting *Campbell v Rogers & Wells*, 218 AD2d 576, 579 [1995]), we conclude that the court did not abuse its discretion in directing a witness to answer questions or in expediting and clarifying the testimony of plaintiffs' expert economist. Although plaintiffs did not provide any disclosure with respect to their expert economist until shortly before trial, we conclude that the court properly denied the motion of MVP to preclude the economist's testimony. "[P]reclusion for failure to comply with CPLR 3101 (d) is improper unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Marchione v Greenky*, 5 AD3d 1044, 1045 [2004] [internal quotation marks omitted]; *see Tronolone v Praxair, Inc.*, 39 AD3d 1146, 1147 [2007]). Here, the court had not set a deadline for service of expert disclosure and a note of issue only recently had been filed. We conclude that preclusion was not warranted under the circumstances of this case, where there was "no evidence of intentional or willful failure to disclose the testimony of [the witness], the testimony offered no surprises, and there was no prejudice to [MVP]" (*Hersh v*

*Przydatek* [appeal No. 2], 286 AD2d 984, 985 [2001], citing *Peck v Tired Iron Transp.*, 209 AD2d 979 [1994]). We note, however, that issues raised with respect to last-minute disclosures may of course be avoided by a scheduling order of the court providing deadlines for expert disclosure and for the filing of a note of issue within an appropriate time before the commencement of trial.

We also conclude that the court did not abuse its discretion in denying the motion of MVP for an adjournment in order to review plaintiff's own medical records and to retain its own expert with respect to plaintiff's medical condition. The contention of MVP that the evidence was not relevant is raised for the first time on appeal and thus is not properly before us (*see* CPLR 5501 [a] [3]), and we note that the court in fact offered MVP an opportunity to retain its own medical expert to review plaintiff's medical records.

Finally, we conclude that portions of the damages award must be set aside. We note that we must disagree with our dissenting colleague that the challenge to the damages award was abandoned by all of the defendants with the exception of the DHL defendants. Even assuming, arguendo, that MVP abandoned the issue of damages by not addressing that issue in its brief, we note that our dissenting colleague is correct in assuming that we address the issue because Porter has not abandoned it. Indeed, as noted by the dissent, Porter specifically contended in his brief that the award of damages was excessive and, in our view, the conclusion in the dissent that Porter abandoned the issue of damages is the result of an overly strict reading of Porter's brief. This is not a situation akin to that in *Ciesinski v Town of Aurora* (202 AD2d 984 [1994]), in which none of the defendants raised the issue that this Court deemed to have been abandoned. Here, the issue of damages was raised.

Further, even in the event that Porter was the only defendant who did not abandon the issue, we would nevertheless afford to MVP any reduction in damages afforded to Porter "to avoid an injustice to [MVP]," inasmuch as MVP is statutorily liable for Porter's negligence as the owner of the vehicle driven by Porter (*Lakewood Constr. Co. v Brody*, 1 AD3d 1007, 1009 [2003]; *see generally Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 855-856 [1995]; *Matter of McGoey v Black*, 100 AD2d 635, 637 [1984]).

Turning to the specific damages awards, although the awards for loss of earnings and loss of household services are supported by the evidence (*see Faas v State of New York*, 249 AD2d 731, 732-733 [1998]; *Kirschhoffer v Van Dyke*, 173 AD2d 7, 10 [1991];

*see also DeLong v County of Erie*, 89 AD2d 376, 386-389 [1982], *affd* 60 NY2d 296 [1983]), there is no evidence in the record to support the award for preimpact terror (*see Phiri v Joseph*, 32 AD3d 922, 923 [2006]; *Anderson v Rowe*, 73 AD2d 1030 [1980]; *cf. Boston v Dunham*, 274 AD2d 708, 711 [2000]; *Lang v Bouju*, 245 AD2d 1000, 1001 [1997]). In addition, the awards for past and future loss of parental guidance with respect to decedent's three children, who were under the age of 10, deviate materially from what would be considered reasonable compensation (*see generally* CPLR 5501 [c]). We instead conclude that awards of $250,000 per child for past loss of parental guidance and $750,000 per child for future loss of parental guidance would be reasonable compensation for the children's injuries (*see e.g. Snuszki v Wright*, 34 AD3d 1235 [2006], *appeal dismissed* 8 NY3d 980 [2007]; *Bogen v State of New York*, 5 AD3d 521 [2004]; *Adderley v City of New York*, 304 AD2d 485 [2003], *lv denied* 100 NY2d 511 [2003]). We therefore modify the judgment accordingly, and we grant a new trial on damages for past and future loss of parental guidance only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past loss of parental guidance to $250,000 per child and for future loss of parental guidance to $750,000 per child, in which event the judgment is modified accordingly.

All concur except Pine, J., who dissents in part in accordance with the following memorandum.

Pine, J. (dissenting in part). I respectfully dissent in part with respect to the judgment in appeal No. 2 because I cannot agree with the majority that the award of damages for preimpact terror and past and future loss of parental guidance should be set aside. In my view, the only parties who properly challenged the amount of damages were defendants Airborne, Inc., Airborne, Inc., doing business as Airborne Express, DHL International, Ltd. and DHL Worldwide Express (collectively, DHL defendants), who addressed that issue in point III of their brief. Inasmuch as we have dismissed the complaint against the DHL defendants, I conclude that the issue of the amount of damages is not properly before us. At no point in its brief did defendant MVP Delivery and Logistics, Inc. even address damages. The majority concludes that defendant William M. Porter has properly challenged the award of damages. Upon my review of Porter's brief, however, I find no such challenge. In the "Table of Contents," Porter lists only two issues to be briefed on appeal, neither of which concerns damages; he lists only those two issues as "Questions Presented"; and the only analyses in his brief ad-

dress those two issues. On the last page of his brief, Porter states merely that "the trial court's errors resulted in a verdict that was excessive and unsupported by competent evidence. The verdict consequently granted was grossly excessive and contrary to the weight of the evidence." In my view, that passing reference to the amount of the verdict is insufficient to raise on appeal an issue whether any part of the award of damages was excessive. Where, as here, there is no discussion of the criteria that a court should consider or any citation to cases addressing similar issues, any issue with respect to damages must be deemed abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Furthermore, I note that the majority has not addressed the other "issue" ostensibly raised by that sentence, to wit, that the verdict is contrary to the weight of the evidence. If the majority considers the issue of damages to be raised on appeal based on the fleeting comment in that sentence, it is surprising that the majority failed to address the other fleeting comment in that sentence concerning the weight of the evidence as well. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.